972 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Huey Lee STRADER, Petitioner-Appellant,
v.
Howard CARLTON, Warden, Respondent-Appellee.
 No. 92-5364.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1992.
 
 Before KEITH and BATCHELDER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Huey Lee Strader, a pro se Tennessee prisoner, appeals the district court's order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Strader in August 1976 of the first degree murder of a law enforcement officer. He was sentenced to 99 years imprisonment and the trial court denied his motion for a new trial. The Tennessee Court of Criminal Appeals affirmed Strader's conviction on December 2, 1977. Strader's attorney did not perfect an appeal to the Tennessee Supreme Court. Three petitions for post-conviction relief (PCR) followed. All three were denied by the trial court, with the Tennessee appellate court affirming. However, when the court affirmed the denial of Strader's first PCR petition, based upon ineffective assistance of counsel, it also vacated and reinstated its December 2, 1977, opinion affirming Strader's conviction in order to recommence the running of the time for direct appeal to the Tennessee Supreme Court. The Tennessee Supreme Court subsequently denied permission to appeal.
 
 
 3
 In his present petition, Strader raised five grounds for relief: (1) the evidence was insufficient to convict, (2) counsel rendered ineffective assistance, (3) the trial court erroneously failed to give a special jury instruction, (4) a jury instruction shifted the burden of proof to the defendant, and (5) the trial court refused to allow voir dire of the twelfth juror. The district court found all of these grounds to be either meritless or barred by procedural default for which Strader failed to show cause and prejudice, and dismissed this action in a memorandum opinion and order filed November 13, 1991. Strader's motion to reconsider was denied by the district court's order of January 9, 1992.
 
 
 4
 On appeal, Strader continues to argue the merits of his habeas claims. In addition, he argues that the district court committed various errors in its conduct of the proceedings. Strader also moves for the appointment of counsel.
 
 
 5
 Upon review, we affirm the district court's order because Strader has not shown that his trial was fundamentally unfair or that the proceeding resulted in his unjust confinement. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 Further, we find no error in the district court's handling of Strader's habeas proceedings.
 
 
 7
 Accordingly, we deny Strader's motion for the appointment of counsel. The district court's order filed November 13, 1991, is affirmed for the reasons stated therein. Rule 9(b)(3), Rules of the Sixth Circuit.